[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15398
Non-Argument Calendar
_____

D.C. Docket No. 5:15-cr-00001-WTH-PRL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REGINALD WARDELL HOWARD, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 10, 2016)

Before JORDAN, JULIE CARNES and JILL PRYOR Circuit Judges.

PER CURIAM:

Reginald Howard, Jr. appeals his conviction and 210-month sentence for being a felon in possession of a firearm, in violation of 18 U.S.C §§ 922(g)(1) and 924(e)(1).  On appeal, Howard argues that the district court erred by issuing jury instructions that placed the burden on him to prove his justification defense by a preponderance of the evidence.  In addition, Howard argues that the district court improperly declined to require the government to prove the fact of his prior convictions to a jury before imposing a sentencing enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  After careful review, we conclude that both of Howard's arguments are foreclosed by binding precedent.  Thus, we affirm.

I.

Ocala Police responded to a call for service at Sam's Big Apple, a convenience store.  They were informed that an armed man had entered the store's bathroom.  When police arrived at the store, they found the defendant, Reginald Howard, in a closed bathroom stall.  Officers commanded Howard to exit the stall, and he complied.  Officer Dale Parish conducted a pat-down search on Howard, finding a black Glock 19 firearm loaded with ten rounds of ammunition in Howard's left rear pocket.  Howard was arrested and subsequently charged with

being a felon in possession of a firearm in violation of 18 U.S.C §§ 922(g)(1) and 924(e)(1).[1]

Prior to trial, Howard requested that the trial be bifurcated so that the jury could first determine Howard's guilt and then determine whether he had the prior convictions required for a sentencing enhancement pursuant to ACCA.  The district court rejected that proposal, noting that prior convictions used to secure a sentencing enhancement need not be proven to the jury.

At trial, Howard advanced a justification defense.  He asserted that he only picked up the firearm to protect himself from a man named Howard Hill and his family, who purportedly arrived at Howard's place of work seeking to retaliate against him for an altercation that had taken place the previous night.  At the end of the trial, Howard argued that the jury instructions should place the burden on the government to disprove Howard's justification defense beyond a reasonable doubt.[2]  The district court disagreed, issuing jury instructions that placed the burden on Howard to prove his justification defense by a preponderance of the evidence.  The jury convicted Howard of being a felon in possession of a firearm.

At sentencing, the district court found that Howard previously had been convicted of at least three serious drug offenses, as defined by ACCA. The court's

---

[1] Howard initially was charged with two counts, one for possession of a firearm and one for possession of ammunition.  Before trial, the charges were collapsed into one count.

[2] Howard acknowledged that Eleventh Circuit precedent likely foreclosed his position, but sought to preserve the argument for appeal.

3

finding subjected Howard to a 15 year mandatory minimum sentence.  *See* 18 U.S.C. § 924(e)(1).  The court placed Howard's guidelines range at 210 to 262 months' imprisonment, sentencing him to 210 months.  Howard now appeals the district court's failure to bifurcate the trial and rejection of his proposed jury instruction concerning the justification defense.

## II.

"The issue of whether a jury instruction misstated the law or misled the jury to the defendant's prejudice is reviewed de novo."  *United States v. Daniels*, 685 F.3d 1237, 1244 (11th Cir. 2012).  "In making this determination, we look at the entire jury charge in the context of the trial record."  *United States v. Deleveaux*, 205 F.3d 1292, 1296 (11th Cir. 2000).  We review de novo the question of whether the Constitution requires certain facts relevant to sentencing to be proved to a jury.  *United States v. Mathis*, 767 F.3d 1264, 1284 (11th Cir. 2014).

## III.

### A.

Howard argues that the district court erred in instructing the jury that he must prove his justification defense by a preponderance of the evidence.  Instead, Howard asserts that court should have instructed the jury that the government must prove beyond a reasonable doubt that Howard was not justified in possessing a firearm.  We disagree.

4

Under 18 U.S.C. § 922(g)(1), it is "unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."  18 U.S.C. § 922(g).  "To establish a violation of § 922(g)(1), the government must prove beyond a reasonable doubt three elements:  (1) that the defendant was a convicted felon, (2) that the defendant was in knowing possession of a firearm, and (3) that the firearm was in or affecting interstate commerce." *Deleveaux*, 205 F.3d at 1296–97.

We have long treated § 922(g)(1) as a "strict liability"[3] statute; that is, it "does not require the prosecution to prove that the criminal acts were done with specific criminal intent."  *United States v. Palma*, 511 F.3d 1311, 1315 (11th Cir. 2008) (internal quotation marks omitted).  Howard argues that we should reverse course and read an ill will or malice aforethought element into the statute. According to Howard, if ill will or malice aforethought is an element of the offense, then the district court erred in requiring Howard to prove his justification defense by a preponderance of the evidence.  Instead, in Howard's view, because

---

[3] "Strict liability" is a misnomer, as § 922(g)(1) does have a *mens rea* element:  the government must show that the defendant *knowingly* possessed a firearm, not simply that the defendant possessed a firearm.  *Deleveaux*, 205 F.3d at 1298.

5

the justification defense would directly rebut the malice element of the offense, the government should have had the burden to rebut the defense beyond a reasonable doubt.

As both parties acknowledge, *Deleveaux* forecloses Howard's argument. There, we "expressly reject[ed] [the defendant's] contention that [a] justification defense negates the *mens rea* required for a § 922(g)(1) violation and is thus not an affirmative defense." *Deleveaux*, 205 F.3d at 1296. Simply put, § 922(g)(1) does not contain the stronger *mens rea* requirement Howard proposes. Instead, the government need only prove that an individual with a requisite predicate conviction "knowingly" possessed a firearm. *Deleveaux*, 205 F.3d at 1298. To meet this standard, "[t]he prosecution need show only that the defendant consciously possessed what he knew to be a firearm." *Id*. Because § 922(g)(1) contains no malice element, it "has no *mens rea* requirement for the justification defense to negate." *Deleveaux*, 205 F.3d at 1298.

We are bound by the *Deleveaux* panel's decision. *Cargill v. Turpin*, 120 F.3d 1366, 1386 (11th Cir. 1997) ("The law of this circuit is 'emphatic' that only the Supreme Court or this court sitting *en banc* can judicially overrule a prior panel decision."). Perhaps recognizing this, Howard argues that two Supreme Court decisions call into question *Deleveaux*'s continued validity.

6

The first, *Staples v. United States*, 511 U.S. 600 (1994), predates *Deleveaux* by six years. But even if *Staples* enabled us to reconsider *Deleveaux*, it does not call *Deleveaux*'s holding into doubt. In *Staples*, the Supreme Court considered the *mens rea* required for a conviction under 26 U.S.C. § 5861(d), which prohibits possession of unregistered machine guns. Although 26 U.S.C. § 5861(d) is silent as to *mens rea*, the Court read into it a requirement that the government prove the defendant "knew of the features of his [firearm] that brought it within the scope of the" statute. *Staples*, 511 U.S. at 619. Here, § 922(g)(1) already includes a virtually identical *mens rea* element, requiring the government to prove that the defendant "consciously possessed what he knew to be a firearm." *Deleveaux*, 205 F.3d at 1298. *Staples* provides no basis for reading a malice element into § 922(g)(1).

The second case on which Howard relies, *Dixon v. United States*, 548 U.S. 1 (2006), only bolsters *Deleveaux*'s reasoning. In *Dixon*, the defendant was convicted of receiving a firearm while under indictment in violation of 18 U.S.C. § 922(n) and making false statements in connection with the acquisition of a firearm in violation of § 922(a)(6). 548 U.S. at 3. Like § 922(g)(1), these statutes required the government to prove that defendants committed the offenses "knowingly" or "willfully." *Id*. at 5. The Court considered whether a duress or necessity defense—akin to Howard's justification defense

here—must be disproven by the government beyond a reasonable doubt.  The Court squarely rejected that argument, holding that the duress or necessity defense did not counteract the statutes' *mens rea* elements.  "Like the defense of necessity, the defense of duress does not negate a defendant's criminal state of mind when the applicable offense requires a defendant to have acted knowingly or willfully; instead, it allows the defendant to avoid liability . . . because coercive conditions or necessity negates a conclusion of guilt even though the necessary *mens rea* was present."  *Id*. at 6 (alteration in original) (internal quotation marks omitted).  Consequently, the Court ruled that the district court committed no error in instructing the jury that the defendant must have proven her duress defense by a preponderance of the evidence.  *Id*. at 8.

So too here.  *Dixon* is wholly consistent with *Deleveaux*'s holding that due process does not require the government to rebut a justification defense beyond a reasonable doubt in a § 922(g)(1) prosecution.  Although *Dixon* counsels that the government may bear the burden of disproving a duress defense beyond a reasonable doubt where malice is an element of the charged offense, we have already noted that we may not read a malice requirement into § 922(g)(1).  *Deleveaux*, 205 F.3d at 1298.  Because *Deleveaux* forecloses Howard's argument,

8

the district court did not err in placing the burden on Howard to prove his justification defense by a preponderance of the evidence.[4]

## B.

Howard also challenges his sentence.  He argues that the district court violated his due process rights by declining to bifurcate the trial to enable the jury to determine whether he had the predicate convictions necessary to enhance his sentence under ACCA.  This argument is also foreclosed by binding precedent. Facts that increase statutory minimum or maximum sentences must be submitted to a jury and proven beyond a reasonable doubt.  *Alleyne v. United States*, 133 S. Ct. 2151, 2162-63 (2013); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Nonetheless, where a prior conviction is used to enhance a sentence, the fact of the prior conviction is not an "element" of the crime that must be submitted to the jury. *Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998); *see also Alleyne,* 133 S. Ct. at 2160 n. 1 (declining to revisit *Almendarez-Torres*);  *Apprendi*, 530 U.S. at 490 ("*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be

---

[4] Howard argues for the first time on appeal that his defense was "more akin to self-defense" than justification, and that the district court should have applied the burdens associated with self-defense.  But Howard's proposed jury instruction never mentioned self-defense. Instead, the instruction was labeled "Duress or Coercion (Justification or Necessity)."  Nor did Howard argue to the district court, in discussing the proposed jury instruction, that he was in reality making a self-defense argument.  Because Howard raises this argument for the first time on appeal, we do not address it.  *See Foudy v. Miami-Dade Cty., Fla.*, 823 F.3d 590, 593 n.1 (11th Cir. 2016).

submitted to a jury, and proved beyond a reasonable doubt." (emphasis added)). Because the jury was not required to find the fact of Howard's prior convictions, the district court committed no error in declining to bifurcate the trial.

IV.

For these reasons, Howard's conviction and sentence are affirmed.

**AFFIRMED.**