[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15129
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cv-00370-SPC-CM

BARBARA MCCOURTNEY-BATES,

Plaintiff - Appellant,

versus

WALTER F. BATES,
WILLIAM F. PRUMMELL,
Charlotte County Sheriff,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 28, 2017)

Before MARCUS, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff-appellant Barbara McCourtney-Bates appeals from the district court's grant of summary judgment in favor of Defendant-appellee Charlotte County Sheriff William G. Prummel.  McCourtney-Bates sued Prummel in his official capacity, based on allegations that a Charlotte County Sheriff's Deputy, Walter F. Bates,[1] violated the Driver's Privacy Protection Act (DPPA), 18 U.S.C. § 2721–25, by impermissibly accessing her information in the Driver and Vehicle Information Database (DAVID) maintained by the Florida Department of Highway Safety and Motor Vehicles (DHSMV). Her complaint stated claims under both the DPPA and 42 U.S.C. § 1983.  On appeal, McCourtney-Bates argues that the district court erred in concluding that the statute of limitations for her DPPA claims had run, because: (1) DAVID accesses are self-concealing, so the DPPA violations should not accrue for statute of limitations purposes until the accesses are discovered, instead of when the alleged violations occurred; and (2) Prummel had a statutory duty to notify her of the unlawful DAVID access, and his failure to do so equitably tolled the statute of limitations.  After thorough review, we affirm.

We review a summary judgment ruling de novo, viewing the evidence and all factual inferences therefrom in the light most favorable to the party opposing

---

[1] McCourtney-Bates originally filed suit against both Prummel and Bates, but failed to ever serve Bates.  The district court accordingly dismissed the case against Bates for failure to prosecute. McCourtney-Bates does not appeal that dismissal.

2

the motion.  Shaw v. Conn. Gen. Life Ins. Co., 353 F.3d 1276, 1282 (11th Cir.

2003).  "Summary judgment is proper where 'there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law.'"  Haynes

v. McCalla Raymer, LLC, 793 F.3d 1246, 1249 (11th Cir. 2015) (quoting Fed. R.

Civ. P. 56(a)).  "We review the district court's interpretation and application of

statutes of limitations de novo."  Foudy v. Miami-Dade County, 823 F.3d 590, 592

(11th Cir. 2016) ("Foudy I").

First, we are unpersuaded by McCourtney-Bates's claim that DAVID

accesses are by their nature self-concealing.  The district court relied on this

Court's holding -- in a DPPA suit nearly identical to this one -- that the statute of

limitations for a DPPA violation accrues when the alleged violation occurs.  Foudy

I, 823 F.3d at 594.  In that case, we said that "DPPA violations are not by their

nature self-concealing."  Id.  We made this point again recently when we

unambiguously stated that "alleged DAVID accesses cannot be categorized as self-

concealing wrongs."  Foudy v. Indian River Cty. Sheriff's Office, — F.3d —, 2017

WL 74696, *5 (11th Cir., Jan. 9, 2017) ("Foudy II").  In that case, we explained

that "[a] self-concealing wrong is one in which the clandestine nature of the

activity is essential to the act itself, where a deception, misrepresentation, trick or

contrivance is a necessary step in carrying out the illegal act, not merely separate

from the illegal act and intended only to cover up the act."  Id. (quotations

omitted).   A DPPA violation consists of "knowingly obtain[ing], disclos[ing] or us[ing] personal information, from a motor vehicle record" for a prohibited purpose.  18 U.S.C. § 2724.  Because "the illegal act of accessing the database without a legitimate purpose does not by necessity involve a deception, misrepresentation, trick, or contrivance," DPPA violations are not self-concealing. Foudy II, 2017 WL 74696 at *5.  Thus, the district court correctly concluded that McCourtney-Bates's DPPA claims accrued when the alleged violations occurred.

Next, we are unpersuaded by McCourtney-Bates's claim that she "was and is entitled to rely on the mandatory notification measures to alert her to unlawful accesses of her DAVID information, and [Sheriff Prummel's] failure to notify her is tantamount to the concealment of fraud" such that the statute of limitations for her DPPA claims should have been equitably tolled.  This Court has explained that "[a]s a general rule, a plaintiff relying on the doctrine of fraudulent concealment must show affirmative actions by the defendant constituting concealment," Hill v. Texaco, Inc., 825 F.2d 333, 335 (11th Cir. 1987), but has noted in passing that an exception applies "where the defendant has a fiduciary responsibility to make disclosure," id. at n.2.  McCourtney-Bates alleges no concealing activity by Prummel in this case; instead, she claims that Prummel had a statutory duty to notify her of the allegedly unauthorized DAVID access, and his failure to do so

4

constituted concealment.  She points to Fla. Stat. § 817.5681(1)(a) as establishing that duty.[2]  The statute provides that:

> [a]ny person who conducts business in this state and maintains computerized data in a system that includes personal information shall provide notice of any breach of the security of the system, <u>following a determination of the breach</u>, to any resident of this state whose unencrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person.

Fla. Stat. § 817.5681(1)(a) (emphasis added).

We need not examine whether a violation of § 817.5681 would constitute concealment, or even whether § 817.5681 applies to Prummel at all, because McCourtney-Bates has failed to allege, much less provide any evidence, that Prummel made "a determination of the breach" prior to her DAVID audit request. Without providing any evidence tending to show that Prummel violated § 817.5681, she cannot rely on that alleged violation to argue that Prummel actively concealed the DPPA violation. Accordingly, equitable tolling is not warranted, and the district court did not err in concluding that the statute of limitations for McCourtney-Bates's DPPA claim had run.

**AFFIRMED.**

---

[2] This statute was repealed in 2014, but was operative during the relevant period in this dispute.

5