[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14535
Non-Argument Calendar
_____

D.C. Docket No. 7:19-cv-00141-LAG


RICKEY GIDDENS,

                                                        Plaintiff-Appellant,

versus

HUGH LAWSON,
THOMAS Q. LANGSTAFF,
JEFF SESSIONS,
CHARLES E. PEELER,
MICHELLE LEE SCHIEBER, et al.,

                                                        Defendants-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(December 16, 2020)

Before JORDAN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Rickey Giddens, proceeding pro se, appeals the dismissal of his civil rights complaint and the denial of his motion to reconsider the dismissal. Because the district court correctly determined that the majority of Giddens's claims were barred by claim preclusion and the remainder were barred by the applicable statutes of limitations, the court did not err in dismissing his complaint as frivolous under 28 U.S.C. § 1915(e)(2) and did not abuse its discretion in denying his motion for reconsideration. We therefore affirm.

I.

In 2009, a special agent with the Georgia Bureau of Investigation obtained and executed a warrant to search Giddens's home. As a result of the search, Giddens and his wife were indicted for federal drug and firearm offenses. Giddens entered a guilty plea to the drug charges pursuant to a plea deal in which prosecutors agreed to drop the firearm charges against Giddens and all charges against Giddens's wife. As part of his plea agreement, Giddens also agreed to give up his right to appeal or collaterally attack his sentence. The district court accepted Giddens's plea and sentenced him to 60 months' imprisonment followed by three years' supervised release.

2

Giddens appealed his convictions and sentence, but we dismissed his appeal pursuant to the appeal waiver in his plea agreement. He later filed two motions to vacate his sentence pursuant to 28 U.S.C. § 2255, both of which were unsuccessful. According to Giddens, he completed his sentence in February 2019.

Meanwhile, in 2015, Giddens and his wife filed a civil action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against 23 defendants, including the U.S. Attorney General, the U.S. Attorney for the Middle District of Georgia, law enforcement officers, prosecutors, judges, probation officers, defense attorneys, state and county officials, the Georgia Bureau of Investigation, and state municipalities. The Giddenses contended that the defendants had fabricated evidence and otherwise engaged in or were responsible for misconduct in their various roles in investigating them and preparing and executing the 2009 search warrant; in Giddens's subsequent arrest, indictment, prosecution, or sentencing; or in denying his § 2255 motions. They alleged that the defendants were liable for violating Giddens's constitutional rights and the Fair Sentencing Act of 2010, and for committing various torts.

The district court found that the last of the Giddenses' claims accrued in 2012 and dismissed the complaint as barred by the two-year statute of limitations applicable to *Bivens* claims in Georgia. The court also found that the federal defendants were entitled to absolute immunity and that the state and municipal

3

actors were not subject to suit under *Bivens*.  The court denied the Giddenses'

motion to amend their complaint to add 42 U.S.C. § 1983 claims against the

nonfederal defendants, finding that such claims would be subject to the same two-

year statute of limitations and would therefore be untimely.  On appeal, we

affirmed the dismissal of the 2015 action as time barred.  *Giddens v. Lawson*, 734

F. App'x 706, 710 (11th Cir. 2018).

A year later, Giddens filed this complaint pursuant to 42 U.S.C. §§ 1983,

1985, 1986, and *Bivens* against 25 defendants.  The named defendants included 18

of the same individuals and entities sued in his 2015 action, along with the then-

current U.S. Attorney General, the U.S. Attorney and chief probation officer for

the Middle District of Georgia, additional law enforcement officers, and the GBI

director.  As before, Giddens alleged that the defendants committed or were liable

for misconduct during the state narcotics investigation or the subsequent federal

criminal and postconviction proceedings.  He claimed that the defendants' actions

violated his constitutional rights and the Fair Sentencing Act, and he asserted a

variety of tort claims.

Giddens filed a motion to proceed in forma pauperis, which required the

district court to review his complaint for frivolousness.  42 U.S.C. § 1915(e).  The

district court dismissed the complaint as frivolous, finding that Giddens's claims

against 17 of the defendants were barred by res judicata (or claim preclusion)

4

because those claims involved the same parties and arose from the same events as the claims that had been dismissed as untimely in the 2015 action.[1]  The court dismissed Giddens's claims against the remaining defendants because they too were barred by the applicable statute of limitations.  Giddens filed a motion for reconsideration, which the district court denied.  Giddens now appeals.

## II.

We review a district court's sua sponte dismissal for frivolity under 28 U.S.C. § 1915(e)(2)(B)(i) for abuse of discretion.  *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).  We review the court's finding that Giddens's claims were barred by res judicata de novo.  *Id.*  We also review the court's interpretation and application of statutes of limitations de novo.  *Foudy v. Miami-Dade Cty.*, 823 F.3d 590, 592 (11th Cir. 2016).  We review the denial of a motion for reconsideration under Rule 59(e) for abuse of discretion.  *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

## A.

Res judicata or claim preclusion "bars relitigation of matters that were litigated or could have been litigated in an earlier suit." *Manning v. City of*

---

[1] One of the 18 defendants that were also sued in the 2015 action (the Brooks County Board of Commissioners) was voluntarily dismissed from the previous action, so Giddens's claims against that defendant were not resolved on the merits in the earlier lawsuit and were not barred by claim preclusion in the current lawsuit.

*Auburn*, 953 F.2d 1355, 1358 (11th Cir. 1992). A claim that was or could have been brought in a prior lawsuit is barred by the judgment in the earlier case when (1) the prior judgment was rendered by a court of competent jurisdiction; (2) the judgment was final and on the merits; (3) both cases involve the same parties or those in privity with them; and (4) both cases involve the same causes of action. *Mann v. Palmer*, 713 F.3d 1306, 1311 (11th Cir. 2013).

The district court correctly determined that all four elements of claim preclusion are met with regard to Giddens's claims against 17 of the named defendants. Giddens concedes that the district court where he filed both lawsuits is a court of competent jurisdiction. In the 2015 lawsuit, the district court dismissed Giddens's claims against these defendants as barred by the applicable statutes of limitations, which "is a decision on the merits for *res judicata* purposes." *Mathis v. Laird*, 457 F.2d 926, 927 (5th Cir. 1972). Giddens and the 17 defendants at issue were all parties to the prior action, and his current claims against those defendants all arise from the same criminal investigation, prosecution, and postconviction proceedings. "A cause of action is the same for *res judicata* purposes if it 'arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action.'" *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 893 (11th Cir. 2013) (citation omitted).

Giddens states that the requirements for claim preclusion were not met here, but he makes no argument and cites no authority to support that statement. Instead, he argues primarily that claim preclusion should not apply because (1) his sentence and the denial of his § 2255 motions violated his fundamental constitutional rights as well as the Fair Sentencing Act and Department of Justice policy, and his claims arising from those injuries were authorized under 42 U.S.C. § 1981, the Declaratory Judgment Act, and the Administrative Procedures Act; and (2) the application of claim preclusion to bar his claims violated his due process rights because he lacked a "full and fair opportunity" to litigate the issues in his 2015 action. Both arguments are misplaced.

First, the claim preclusion doctrine turns not on the nature of the plaintiff's claims or the legal authority in which they are grounded but on whether a court has already resolved claims between the same parties arising from the same events; if so, the doctrine prohibits the plaintiff from bringing the claims again regardless of their gravity or importance to the plaintiff. *See, e.g.*, *Mann*, 713 F.3d at 1311–12 (petitioner's constitutional challenges to lethal-injection protocol barred by res judicata). Giddens's claims for damages arising out of his criminal prosecution, sentence, and postconviction proceedings were or could have been brought in his 2015 action, and claim preclusion bars him from relitigating them against the same defendants. *See id.* at 1312.

7

Second, Giddens had the opportunity to and did litigate the timeliness of his claims—which was the basis for the district court's finding of res judicata—in the 2015 action. In that case, the defendants responded to his complaint by arguing (among other things) that his claims were barred by the applicable statutes of limitations. Giddens and his wife responded to the defendants' motions to dismiss their complaint, and when the magistrate judge recommended that the district court grant the defendants' motions and dismiss their claims as time barred, they filed objections to the magistrate's report and recommendation. After the district court adopted the magistrate judge's report and dismissed their claims, the Giddenses appealed that judgment to this Court. This exhaustive litigation afforded Giddens far more than mere notice and the opportunity to be heard, which are "the central features of due process." *Graham v. R.J. Reynolds Tobacco Co.*, 857 F.3d 1169, 1184 (11th Cir. 2017). The district court did not err in dismissing Giddens's claims against 17 of the defendants as barred by res judicata or claim preclusion.

## B.

Giddens also argues that the district court erred in finding that his claims against the remaining eight defendants were barred by the applicable statutes of limitations. He argues first that the district court should have used the "catchall" statute of limitations in 28 U.S.C. § 1658 rather than the two-year limitations period applicable to § 1983 claims in Georgia. Section 1658 provides a four-year

8

statute of limitations for any civil action "arising under" a federal statute enacted after December 1, 1990, if no statute of limitations is otherwise provided by law. This "catchall" limitations period may apply where the plaintiff's claim arises under a statute that was originally enacted before 1990 and amended after, if "the plaintiff's claim against the defendant was made possible by" the post-1990 enactment. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004). Giddens argues that his lawsuit should be subject to the four-year statute of limitations because his claims were "made possible by" the Fair Sentencing Act, which was enacted in 2010.

Giddens is mistaken. In *Jones*, the Supreme Court explained that a claim is "made possible by a post-1990 enactment"—and § 1658 applies—when the enactment "creates a new right to maintain an action." *Id.* Giddens's claims were not "made possible by" the Fair Sentencing Act because that Act did not create a new right to file a civil lawsuit—it amended criminal statutes providing penalties for drug-trafficking crimes involving crack cocaine. *See generally* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. Section 1983, on the other hand, specifically provides a right to sue state and local officials for the alleged violation of federal constitutional or statutory rights. 42 U.S.C. § 1983. And *Bivens* provides a right to sue federal officials for certain constitutional violations. 403 U.S. at 397. As Giddens indicated in his complaint, his federal-law claims for

9

damages were brought under 42 U.S.C. §§ 1983, 1985, 1986, and *Bivens*, not the

Fair Sentencing Act.[2]  Those claims were governed by, at most, a two-year statute

of limitations.  *See* 42 U.S.C. § 1986 (providing a one-year statute of limitations

for § 1986 claims); *Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996) (two years

for § 1983 and *Bivens* actions in Georgia); *Rozar v. Mullis*, 85 F.3d 556, 561 (11th

Cir. 1996) (two years for § 1985 claims in Georgia).

In any event, Giddens's claims that were not precluded by the 2015

judgment—or barred by *Heck v. Humphrey*, 512 U.S. 477 (1994)[3]—arose in 2011

at the latest, more than eight years before he filed the current action.  We reject

Giddens's argument that the statute of limitations was tolled under the "continuing

violation" doctrine until he completed his sentence in 2019.  The continuing

violation doctrine allows "a plaintiff to sue on an otherwise time-barred claim

when additional violations of the law occur within the statutory period."  *Ctr. For*

*Biological Diversity v. Hamilton*, 453 F.3d 1331, 1334 (11th Cir. 2006).  We draw

---

[2] Giddens makes no argument regarding the statutes of limitations applicable to his state-law claims, so we need not address that issue.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

[3] *Heck* generally bars damages claims for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless and until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck*, 512 U.S. at 486–87.  As we noted in Giddens's appeal from the 2015 judgment, *Heck* bars Giddens's claims seeking damages on the ground that he was unlawfully convicted or sentenced because his conviction and sentence have never been invalidated.  *Giddens v. Lawson*, 734 F. App'x 706, 710 (11th Cir. 2018) (unpublished).

an important distinction, however, "between the continuing effects of a discrete violation and continuing violations." *Id.* at 1335. Giddens alleged that the new state and county defendants committed or were responsible for various discrete constitutional violations and torts during their investigation leading up to his 2009 arrest, and he claimed that the new federal defendants violated his rights during his criminal proceedings and 2011 sentencing. Such discrete violations as Giddens alleged do not extend the limitations period even if their effects continue after the alleged violations are complete. *Id.* The district court correctly concluded that Giddens's claims that were not barred by res judicata (or by *Heck*) were untimely.

## C.

We turn last to Giddens's argument that the district court abused its discretion by denying his Rule 59(e) motion for reconsideration of the order dismissing his complaint. A district court may grant a motion for reconsideration under Rule 59(e) only if the movant presents newly discovered evidence or demonstrates "manifest errors of law or fact" in the challenged ruling. *Arthur*, 500 F.3d at 1343. Giddens's motion for reconsideration did not rely on newly discovered evidence, and as explained above, the district court did not manifestly err in finding that Giddens's claims were barred by res judicata or the applicable statutes of limitations.

## III.

We conclude that the district court did not abuse its discretion when it dismissed Giddens's complaint as frivolous or when it denied his Rule 59(e) motion for reconsideration.  Accordingly, we affirm.

**AFFIRMED.**