[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13375

Non-Argument Calendar

_____

PATRICIA JACKSON,

Plaintiff-Appellant,

*versus*

THE KROGER CO.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-02328-TWT

_____

Before JILL PRYOR, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Patricia Jackson filed a personal injury lawsuit against The Kroger Co. on April 24, 2023, in Georgia's Gwinnett County State Court. Georgia's two-year statute of limitations on her claim expired on May 2, 2023. On May 23, Kroger filed a special appearance answer in state court and raised the defense of insufficient service of process. That same day, it also filed a motion to dismiss for the same defects in service of process. Kroger then removed the case to federal court on May 24, and Jackson served Kroger on May 31. The district court granted Kroger's motion to dismiss, concluding that Jackson's claim was barred by the state statute of limitations.

On appeal, Jackson makes two principal arguments. *First*, she argues that the district court erred by using Georgia law to evaluate her service of process. And *second*, she argues that the district court abused its discretion by denying her request for a voluntary dismissal without prejudice.[1]

We review de novo the district court's interpretation and application of a statute of limitations. *Foudy v. Miami-Dade Cnty.*, 823 F.3d 590, 592 (11th Cir. 2016). When sitting in diversity

---

[1] Jackson also argues that dismissal with prejudice was too extreme of a sanction for the district court to have ordered. But the district court did not dismiss her complaint as a sanction.

jurisdiction, federal courts apply state substantive law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). One such substantive law is the applicable state statute of limitations. *Guar. Tr. Co. of New York v. York*, 326 U.S. 99, 110 (1945). Because Georgia courts have interpreted Georgia's service of process statute as an integral part of the state statute of limitations, Georgia law also governs whether service made after the statute of limitations expires relates back to the date the action was filed. *Cambridge Mut. Fire Ins. v. City of Claxton*, 720 F.2d 1230, 1232–33 (11th Cir. 1983). The district court properly evaluated Jackson's service of process under Georgia law.[2]

The district court did, however, err by refusing to consider Jackson's request for a voluntary dismissal. The court concluded that, because Jackson had not complied with Federal Rule of Civil Procedure 7(b) by filing a formal motion, it could not grant her request for a voluntary dismissal. But "Rule 41(a)(2), by its plain language, doesn't require a motion." *Sanchez v. Disc. Rock & Sand, Inc.*, 84 F.4th 1283, 1292 (11th Cir. 2023). The district court need only be alerted of the plaintiff's request for a court-ordered voluntary dismissal. *Id.* Accordingly, we **VACATE** and **REMAND** for the district court to consider Jackson's request for a voluntary dismissal.

---

[2] On appeal, Jackson does not argue that she complied with the state-law service of process requirements. As a result, she has forfeited any challenge to the district court's conclusion that she did not comply. *See Sapuppo v. Allstate Floridian Ins.*, 739 F.3d 678, 681–82 (11th Cir. 2014) (collecting cases).