[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-13848

Non-Argument Calendar

_____

JOSEPH T. SWIFT,

                    Plaintiff-Appellant,

*versus*

J. DA SILVA,
Bureau Supervisor/ IMP Manager,
being sued in his/her individual and official capacities,
MIAMI-DADE CORRECTIONS AND REHABILITATION
DEPARTMENT,

                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:24-cv-24026-WPD

_____

Before JORDAN, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Joseph Swift, a Florida prisoner, proceeding *pro se*, appeals the district court's dismissal with prejudice of his § 1983 action as time-barred and its attendant denial of his motion to proceed *in forma pauperis* as moot.[1]  Swift argues that the district court erred by not granting him leave to amend his complaint to assert a timely cause of action.  After careful review, we affirm the district court.[2]

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In accordance with his religious beliefs, Swift received kosher meals from the Miami-Dade Corrections and Rehabilitation Department (the "Department") starting around 2014.  Swift alleges that sometime around 2019, the Department started restricting his commissary purchases to be consistent with his kosher diet.  Swift initiated the Department's internal grievance process to challenge the newfound restriction but was rebuffed twice.  He

---

[1] Swift also appeals the district court's dismissal of his action for failure to state a claim.  Because we affirm the district court's conclusion that the action was time-barred, we do not address Swift's arguments on the merits.

[2] Swift moved to amend his brief and we grant the motion.

24-13848                Opinion of the Court                3

received the Department's second (and final) rejection of his griev-ance on September 30, 2019,[3] which was signed by Defendant Da Silva. In rejecting Swift's grievance, Defendants explained that the Department's policies mandated that "[a]n Inmate's commissary purchases shall be automatically restricted to foods that comply with the approved Faith-based Diet Program."

Over four years later, on September 26, 2024, Swift com-menced a 42 U.S.C. § 1983 suit against the Department and Da Silva, alleging freedom of religion and substantive due process vio-lations under the First and Fourteenth Amendments. On October 23, 2024, the district court dismissed Swift's suit with prejudice as frivolous under 28 U.S.C. § 1915A of the Prison Litigation Reform Act ("PLRA"), holding that the complaint (1) was time-barred by Florida's residual statute of limitations and (2) failed to state a claim because Swift had no constitutional right to purchase specific food items from the commissary. The district court then dismissed Swift's motion to proceed *in forma pauperis* as moot. This appeal followed.

## II.    STANDARD OF REVIEW

We review for abuse of discretion whether a district court properly dismissed a prisoner's complaint as frivolous under § 1915A of the PLRA. *Daker v. Ward*, 999 F.3d 1300, 1307 (11th Cir.

---

[3] Swift's complaint only references the date Da Silva signed the Department's rejection of Swift's grievance, September 25, 2019, but the grievance form Swift attached to his complaint indicates that Swift only received Defendants' response on the 30th.

2021).  However, we review *de novo* the district court's interpretation and application of statutes of limitations.  *Foudy v. Miami-Dade Cnty.*, 823 F.3d 590, 592 (11th Cir. 2016).  We review for abuse of discretion whether the district court should have granted a plaintiff leave to amend his complaint before dismissal.  *Horton v. Gilchrist*, 128 F.4th 1221, 1224 (11th Cir. 2025).  And finally, we review for abuse of discretion the district court's denial of a petition to proceed *in forma pauperis*.  *Daker v. Comm'r, Georgia Dep't of Corr.*, 820 F.3d 1278, 1283 (11th Cir. 2016).

### III.    ANALYSIS

Under § 1915A, a court shall dismiss a prisoner's complaint against a governmental entity or employee as soon as practicable if it is frivolous, malicious, or fails to state a claim. 28 U.S.C. § 1915A(a)-(b)(1).  "The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous." *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990).  To dismiss a complaint prior to service as time-barred, there must be no set of facts that would avoid the statute of limitations bar. *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003).  We agree with the district court that the expiration of the statute of limitations for Swift's action rendered his suit frivolous and any amendment futile.

Swift asserts First and Fourteenth Amendment violations against the Department and Da Silva challenging the conditions of his confinement.  The appropriate vehicle for bringing such claims is § 1983, which provides a private cause of action against persons

acting under color of state law for violations of constitutional rights and other federal laws. 42 U.S.C. § 1983; *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) ("a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life"). And the statute of limitations for such an action is "governed by the forum state's residual personal injury statute of limitations." *Doe as Next Friend of Doe #6 v. Swearingen*, 51 F.4th 1295, 1303 (11th Cir. 2022) (quoting *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999)).

Here, Florida, the forum state, has a residual statute of limitations provision requiring commencement of Swift's action within four years. Fla. Stat. § 95.11(3); *see Swearingen*, 51 F.4th at 1303. And that four-year limitations period began running at the very latest on September 30, 2019, when Swift received Defendants' second (and final) rejection of his grievance with an explanation of Defendants' policy. *See Swearingen*, 51 F.4th at 1303 ("the statute of limitations begins to run when the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.") (citation and quotations omitted); *McNair v. Allen*, 515 F.3d 1168, 1174 (11th Cir. 2008) (a claim accrues "when the prospective plaintiff knows or has reason to know of the injury which is the basis of the action.") (citation and quotations omitted). Because Swift waited until September 26, 2024 to commence this action, close to *five* years after the accrual date, his action is time-barred under Florida's residual statute of limitations.

On appeal, Swift argues that his action is timely and that the district court should have allowed him leave to amend to remedy this defect.  But Swift does not identify any legitimate alternative vehicle for his suit that would avoid the statute of limitations issue.  Swift maintains that he filed suit under Fla. Stat. § 95.11(2)(b), which provides a five-year statute of limitations, making his suit timely.  That provision, however, governs actions "on a contract, obligation, or liability founded on a written instrument," which has no bearing on Swift's constitutional challenges to the conditions of his confinement. *Id.*  Swift mistakenly argues that his action arises from a "written instrument" because the United States Constitution and Florida statutory law are written instruments.  But § 95.11(2)(b) does not apply to any and all claims predicated on constitutional violations; it applies to claims arising from written contractual obligations between counterparties.  That is not this action.[4]

Although "a district court must give a pro se party at least one chance to amend the complaint if a more carefully drafted complaint might state a claim," *Hall v. Merola*, 67 F.4th 1282, 1295 (11th Cir. 2023) (citation and quotations omitted),  here, no "more carefully drafted complaint" could circumvent the complaint's

---

[4] Several other vaguely suggested alternatives by Swift, even assuming they are applicable, run into the same four-year limitations period.  *See* Fla Sta. § 95.11(3)(a), (o); 28 U.S.C. § 1658(a).  Another, Florida's Religious Freedom Restoration Act, provides Swift with only a one-year limitations period.  *See* Fla. Stat. Ch. 761; *Id.* § 95.11(6)(g) (requiring prisoners challenging conditions of confinement under state law to commence suit within one year).

24-13848                Opinion of the Court                7

facial statute of limitations defect. Swift himself acknowledged that his action "became final on September 25, 2019,"[5] and on appeal he fails to identify any legitimate alternative means of avoiding the four-year limitations period barring his action. And while Swift is correct that we must liberally construe *pro se* pleadings, we do not "serve as *de facto* counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jam., Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotation omitted). We thus conclude that the district court did not abuse its discretion in dismissing Swift's complaint as frivolous without first granting leave to amend because his claims were barred by the statute of limitations and any amendment would have been futile.[6] Accordingly, we affirm.

**AFFIRMED.**

---

[5] As stated *supra* n.1, Swift received Defendants' final rejection of his grievance on September 30th. As such, both dates run afoul of the four-year limitations period.

[6] And the district court did not abuse its discretion in denying as moot Swift's motion to proceed *in forma pauperis* as no controversy remained.