**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 24-11238

Non-Argument Calendar

————————————————

VINCENT POOLE,

*Plaintiff-Appellant,*

*versus*

STATE OF FLORIDA,

JANE DOE,
  Assistant Warden, Miami Federal Detention Center,
  in her individual and official capacities,

JOHN DOE,
  Warden, Miami Federal Detention Center,
  in his individual and official capacities,

*Defendants-Appellees.*

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:24-cv-20551-RS

————————————————

Before JORDAN, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

Vincent Poole appeals from the district court's order dismissing his complaint alleging violations of the Interstate Agreement on Detainers under the Civil Rights Act, 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and the statute of limitations. Poole argues that the district court erred in dismissing his § 1983 and *Bivens* claims because they are not barred by *Heck* and the district court should have tolled the statute of limitations. Poole argues that finding violations of his extradition rights does not imply the invalidity of his state court conviction. He also argues, for the first time on appeal, that the district court should have equitably or statutorily tolled the statute of limitations for his claims.

We review de novo the district court's decision to dismiss a prisoner's complaint for failure to state a claim upon which relief can be granted, taking the allegations in the complaint as true. *Christmas v. Nabors*, 76 F.4th 1320, 1328 (11th Cir. 2023). Similarly, we review de novo the district court's interpretation and application of statutes of limitations. *Foudy v. Miami-Dade Cnty.*, 823 F.3d 590, 592 (11th Cir. 2016).

Claims brought under § 1983 that allege constitutional violations are tort actions subject to the residual statute of limitations governing personal injury actions in the state where the action was brought. *Doe ex rel. Doe #6 v. Swearingen*, 51 F.4th 1295, 1302-03 (11th Cir. 2022). In Florida, this limitations period is four years. *Id.*;

24-11238                Opinion of the Court                3

*see also* Fla. Stat. § 95.11(3)(p).  While we borrow the limitations period for a § 1983 claim from state law, federal law determines when a cause of action accrues.  *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  Generally, a federal claim accrues when the plaintiff knows or has reason to know of the injury that forms the basis for the action.  *McGroarty v. Swearingen*, 977 F.3d 1302, 1309 (11th Cir. 2020).  Actions brought pursuant to *Bivens* are subject to the same statute of limitations as those under § 1983.  *Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996).

Under the federal doctrine of equitable tolling, a party generally must prove that he pursued his rights diligently and that extraordinary circumstances prevented him from filing a timely complaint.  *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016) (en banc).  However, we do not address arguments raised for the first time on appeal.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

We hold pro se pleadings to a less-strict standard than counseled pleadings and liberally construe them.  *Jacob v. Mentor Worldwide, LLC*, 40 F.4th 1329, 1334 (11th Cir. 2022).  We may affirm a district court's judgment on any ground supported by the record.  *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1256 (11th Cir. 2001).  To obtain reversal of a district court judgment that is based on multiple, independent grounds, we must be convinced that every stated ground for the judgment against the appellant is incorrect.  *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

4                    Opinion of the Court                    24-11238

Here, we conclude that the district court did not err in dismissing Poole's § 1983 and *Bivens* claims because he filed them after the statute of limitations expired.  The most recent of his claims accrued in August 2019, meaning the limitations period expired in August 2023—six months before Poole filed the instant action in February 2024.  Additionally, Poole's argument that the district court should have equitably tolled his statute of limitations period is not before us because he did not raise that argument before the district court below.  We thus affirm the district court's order dismissing his complaint.

**AFFIRMED.**